UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MERIDIAN SECURITY INSURANCE COMPANY, *as subrogee of Interprop Fund III, L.P.*, <br>     Plaintiff, <br><br> vs. <br><br> RES-CARE, INC., and IRELAND HOME BASED SERVICES, LLC, <br>     Defendants. | 3:16-cv-00191-JMS-MPB |

# ORDER

Plaintiff Meridian Security Insurance Company ("Meridian"), as subrogee of Interprop Fund III, L.P., has filed an Amended Complaint in which it alleges that this Court has diversity jurisdiction over this matter. The Court notes the following issues with Plaintiff's jurisdictional allegations regarding the parties in this action:

- Plaintiff has not adequately alleged the citizenship of Defendant Ireland Home Based Services, LLC, an unincorporated association. The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").

- Determining a party's citizenship for purposes of a subrogation claim requires determining whether the subrogation was total or partial. "[T]otal subrogation…results in focusing solely on the subrogee's citizenship for diversity purposes, [while] partial subrogation forces a look at both subrogee and subrogor…." *Allianz Global Risks U.S. Ins. Co. v. Goshen Air Ctr., Inc.*, 2011 WL 843950 (N.D. Ind. 2011). Meridian must set forth whether it is a total or partial subrogee of Interprop Fund III, L.P. ("Interprop"), and also the citizenship of Interprop – keeping in mind the Court's statements above regarding the citizenship of unincorporated associations.

- 1 -

- The citizenship of a mutual insurance company turns on the corporate form it is considered to be by applicable state law. *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 551 (7th Cir. 1988) (noting that Texas law rendered Texas mutual insurance company an unincorporated association while Minnesota law rendered Minnesota mutual insurance company a corporation). Meridian must set forth whether it is a mutual insurance company and, if so, set forth its citizenship accordingly.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Plaintiff to file a Second Amended Complaint by **September 8, 2017**, which addresses the issues outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction. Defendants need not answer or otherwise respond to the Amended Complaint at which this Order is directed. Defendants are cautioned, however, that when they do respond to the Second Amended Complaint, and to the extent that they deny any of Plaintiff's jurisdictional allegations or state that they do not have sufficient information to respond to those allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

Date: 8/21/2017

_____
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**